José DE GRACIA, demandante y apelado, *v.* GERARDO GUARDIOLA, demandado y apelante.

No. 4299.—*Visto:* Junio 20, 1927. *Resuelto:* Julio 30, 1927.

APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CONTENIDO, PREPARACIÓN Y APROBACIÓN DE LA EXPOSICIÓN DEL CASO O RELACIÓN DE HECHOS—TRANSCRIPCIÓN DE LA EVIDENCIA—APROBACIÓN—FACULTAD DE LA CORTE O DEL JUEZ PARA ELLO.—Cuando ambas partes apelan y presentan separadamente transcripciones iguales y cuando señalado día para la aprobación de una de dichas transcripciones, el juez oye a las partes sobre las dos y las aprueba, no puede sostenerse que al actuar así lo hiciera sin jurisdicción por la falta de señalamiento previo de una de ellas. En casos semejantes la mejor práctica es presentar una sola transcripción.

MOCIÓN sobre desestimación de apelación, interpuesta ésta contra sentencia de *Domingo Sepúlveda,* J. (San Juan), declarando con lugar demanda de daños y perjuicios. *No ha lugar.*

*F. Soto Gras,* abogado del apelante; *Blondet & Campillo,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En este caso se dictó sentencia contra el demandado Guardiola condenándolo a pagar al demandante Gracia diez mil dólares. Gracia reclamaba veinte y cinco mil. Ambas partes apelaron. Esta es la apelación del demandado. La transcripción, que contiene unas doscientas páginas, quedó

archivada en la Secretaría de esta Corte Suprema el 6 de junio último.

Así las cosas, el 7 de junio el demandante-apelante presentó una moción de desestimación a la que se opuso el demandado-apelante.

La moción se funda en que la transcripción se radicó en la secretaría de la corte de distrito el 19 de abril de 1927; que la vista para su aprobación se celebró el 21 de abril de 1927 y el demandante se opuso a su aprobación por entender que la corte carecía de jurisdicción para aprobarla en esa fecha; que eso no obstante la corte la aprobó el 6 de mayo, y que el procedimiento seguido lo fué en violación de la sección 2 de la Ley No. 27 de 27 de noviembre de 1917.

A la moción se acompañó una certificación del Secretario en la cual se hace constar que ni del récord del caso ni del libro de minutas aparece que se dictara orden alguna señalando el 21 de mayo para aprobar la transcripción. También se acompaña el "récord taquigráfico de la vista sobre la aprobación de la transcripción de la evidencia," que comienza así:

"Hoy día 21 de abril de 1927 se llamó este caso para celebrar la vista sobre la aprobación de las transcripciones de evidencia, radicadas, una por el demandante y otra por el demandado conforme aparece de los autos del caso.

"Comparecieron a la vista los abogados señores Ricardo H. Blondet y Francisco Soto Gras por el demandante y el demandado respectivamente.

"Juez: Hay una transcripción presentada por José de Gracia, apelante y otra por Gerardo Guardiola, también apelante. Tenemos entonces la de José de Gracia, la que fué presentada en abril 11 de 1927.

"Abog. Dte.—A los efectos de la transcripción desearíamos hacer notar a la Corte que hubo una admisión de la parte contraria en el acto del juicio. . . . . ."

Siguen el incidente suscitado relativo a la inclusión o no de ciertos hechos y otros detalles, todo refiriéndose a la

transcripción archivada por el demandante como apelante,
y entonces dice el Juez:

"Ahora, en este otro caso, es la transcripción de evidencia presentada por Gerardo Guardiola, ¿hay alguna enmienda?

"Abog. Ddo.—Ninguna.

"Abog. Dte.—Nosotros nos oponemos a la aprobación por entender que la Corte carece de jurisdicción para aprobar en esta fecha la transcripción.

"Juez—¿Por qué motivo?

"Abog. Dte.—Y por entender que hay prórrogas que han sido dadas fuera de término, esto es: después de haber vencido prórrogas anteriores.

"Abog. Ddo.—Pues sencillamente para suplicar que se ilustre a la Corte con un memorándum de las concesiones de prórrogas y cómputo de los términos. Pero si esa es la cuestión pues la dejo sometida, no tengo nada que decir.

"Abog. Dte.—Esta parte tampoco.

"Juez—Entonces el señor Blondet también chequeará las prórrogas en este caso y presentará una relación a la corte y se concede hasta el día 25 para memorándum.

"Abog. Ddo.—Entonces yo me reservo para presentar mi chequeo el lunes también, conjuntamente.

"Juez—Sí, la cuestión es que la Corte lo tenga el lunes para poderlo examinar y resolver. Terminada la vista."

Es cierto que la sección 2 de la Ley No. 27 de 1927 prescribe que el juez señalará un día para la aprobación de la transcripción que se prepare a los fines de la apelación, y que la certificación del secretario de la corte de distrito que se acompaña a la moción, tiende a demostrar que el señalamiento no se hizo, pero como el "récord taquigráfico" también acompañado a la moción demuestra que el juez "llamó el caso para celebrar la vista sobre la aprobación de las *transcripciones, de evidencia, radicadas,*" y nada objetó el demandante; que se actuó primero sobre la transcripción radicada por el demandante y se pasó después a la archivada por el demandado limitándose el demandante a impugnar la aprobación porque la corte no tenía jurisdicción para aprobarla ese día, sin explicar por qué, y por haberse con-

cedido prórrogas fuera de término, entendemos que la falta de señalamiento previo quedó enteramente subsanada. Ambas transcripciones eran iguales, y las partes estaban por tanto preparadas para entrar en la discusión como entraron en efecto. De acuerdo con la buena práctica, una sola transcripción bastaba en este caso.

La moción del demandante carece por completo de razón a nuestro juicio y *debe por tanto ser declarada sin lugar*.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.